IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NOOIE LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:22-cv-1469 (LMB/WEF) |
| | ) |
| NOORIO INNOVATIONS LIMITED, | ) |
| | ) |
| Defendant. | ) |

ORDER

On December 30, 2022, plaintiff Nooie LLC ("plaintiff"), a California limited liability company, filed a four-count Complaint alleging that defendant Noorio Innovations Limited ("defendant"), a Hong Kong limited company, has engaged in counterfeiting, infringement, and dilution of plaintiff's trademarks and in unfair competition in violation of federal and common law. [Dkt. No. 1]. Plaintiff also filed an Ex Parte Motion for (1) Temporary Restraining Order and Preliminary Injunction; (2) Leave to Conduct Expedited Discovery; and (3) Leave to Serve Defendant by Alternative Means ("Ex Parte Motion") [Dkt. No. 6], along with a Motion to Temporarily Seal Filed Documents in Case, which requests sealing of plaintiff's motion for a temporary restraining order and accompanying memorandum pending execution of the requested temporary restraining order, [Dkt. No. 4].

The Complaint, Ex Parte Motion, and supporting memorandum and declarations are insufficient to justify issuance of the requested temporary restraining order. Plaintiff has failed to show that immediate and irreparable injury or harm will result in the absence of issuance of the requested relief, before defendant can be provided with notice and an opportunity to be heard in opposition. Accordingly, plaintiff's request for a temporary restraining order will be denied

without prejudice. Because no temporary restraining order will be issued, there is no basis for plaintiff's Motion to Temporarily Seal Filed Documents in Case, which will also be denied.

Plaintiff's Ex Parte Motion also requests leave to conduct limited expedited third-party discovery of the location and value of defendant's financial accounts to enable it to restrain defendant's assets pursuant to the requested temporary restraining order. Because plaintiff's motion for a temporary restraining order will be denied, the request to conduct expedited discovery will be denied as moot.

Finally, plaintiff's Ex Parte Motion seeks leave to serve defendant, a Hong Kong limited company with its principal place of business in Hong Kong, [Dkt. No. 1] ¶ 19, by registered electronic mail pursuant to Fed. R. Civ. P. 4(f)(3). Under Rule 4(f)(3), a court has the discretion to authorize service on an individual in a foreign country "by other means not prohibited by international agreement," Fed. R. Civ. P. 4(f)(3), and the means of service provided for by Rule 4(f) apply to serving a corporation "at a place not within any judicial district of the United States," Fed. R. Civ. P. 4(h)(2). In this case, the Court does not find good cause for authorizing service of defendant by electronic mail. The Complaint identifies an "authorized agent" of defendant, Bole Yuan, who is "an attorney licensed to practice law in the US from an office in Philadelphia, PA." [Dkt. No. 1] ¶ 13. Plaintiff has not established that it cannot serve defendant pursuant to the methods under Fed. R. Civ. P. 4(h)(1), which concerns service of a foreign corporation in a judicial district of the United States, or by the standard procedures for service abroad under Fed. R. Civ. P. 4(f). Therefore, service by electronic mail will not be authorized at this time. For these reasons, it is hereby

ORDERED that plaintiff's Motion to Temporarily Seal Filed Documents in Case [Dkt. No. 4] and Ex Parte Motion for: (1) Temporary Restraining Order and Preliminary Injunction;

2

(2) Leave to Conduct Expedited Discovery; and (3) Leave to Serve Defendant by Alternative Means [Dkt. No. 6] be and are DENIED.

The Clerk is directed to promptly unseal Docket Entries #6 and #7 and to forward copies of this Order to counsel of record.

Entered this 4th day of January, 2023.

Alexandria, Virginia

/s/
Leonie M. Brinkema
United States District Judge