## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

NOOIE LLC, a California limited liability
company,

      Plaintiff,

      v.

NOORIO INNOVATIONS LIMITED, a
Hong Kong limited company,

      Defendant.

Civil Action No. 1:22-cv-1469-LMB-WEF

## ORDER GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT BE ISSUED

Plaintiff NOOIE LLC ("Plaintiff") has filed a complaint for injunctive and other relief pursuant to the Lanham Act (15 U.S.C. §§ 1114(1) and 15 U.S.C. §§ 1125 (a) and (d)) against Defendant NOORIO INNOVATIONS LIMITED ("Defendant"). Plaintiff has filed a motion for a temporary restraining order and preliminary injunction ("TRO Motion") pursuant to Fed. R. Civ. P. 65(b), 15 U.S.C. § 1116(a) (the Lanham Act), and 28 U.S.C. § 1651 (a) (the All-Writs Act).

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

Having reviewed the papers, declarations, exhibits, and memorandum filed in support of Plaintiff's Motion, the Court hereby makes the following findings of fact and conclusions of law:

1.    This Court has federal jurisdiction over Plaintiff's claims for trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and § 1125(a). The Court has supplemental jurisdiction over Plaintiff's Virginia common law unfair competition claims.

2.    There is good cause to believe that this Court will have personal jurisdiction over Defendant. Plaintiff has presented evidence that Defendant knowingly transacted business in this

27-006

Commonwealth, knowingly contracted with Virginia residents to supply things in this Commonwealth, and/or caused tortious injury of at least trademark infringement in this Commonwealth by its acts outside the Commonwealth as provided in Va. Code Ann. § 8.01-328.1(A). Moreover, Defendant sells its goods from website domains registered with the .com top level domain registry VeriSign, Inc. in Reston, Virginia and thus commit acts in this District by "[u]sing a computer or computer network located in the Commonwealth." Va. Code Ann.§ 8.01-328.1(B).

      3.     Plaintiff is the owner of the trademarks identified in Exhibits "1" and "2" (the "NOOIE Marks") to the Complaint. Plaintiff uses the NOOIE Marks in connection with the design, marketing, and distribution of high-quality consumer goods in at least the class categories identified in the registered trademark. The NOOIE Marks are symbols of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

      4.     The evidence set forth in Plaintiff's Memorandum in support of the TRO Motion, and the accompanying declarations and exhibits, demonstrates that Plaintiff is likely to prevail on its claim that Defendant has engaged in violations of the foregoing law by, long after Plaintiffs begin using the NOOIE marks, adopting and using the confusingly similar mark NOORIO in the exact same field of consumer goods as Plaintiff and in a manner almost exactly like Plaintiff, using a small "n" as the first letter and in the same character font as shown below:

2



5.      The evidence further demonstrates that Defendant falsely advertises on its websites that it won in 2022 the same design awards Plaintiff was previously awarded although Defendant just came into existence in 2022.

6.      The evidence further demonstrates that Defendant's products using the confusingly similar mark NOORIO are in some cases nearly 40 percent cheaper than similar products offered by Plaintiff under the NOOIE marks, but have poorer customer evaluations, thereby harming the good will generated by Plaintiff in its NOOIE marks.

7.      There is good cause to believe that if Defendant's conduct continues, irreparable harm will occur to Plaintiff, Plaintiff's customers and the public. There is good cause to believe that Defendant will continue to engage in such unlawful actions if not immediately restrained from doing so by Order of this Court.

8.      There is good cause to believe that Defendant has specifically directed its activities to Plaintiff's customers and potential customers located in Virginia by virtue of Defendant's advertising on e-commerce marketplaces such as AMAZON.COM which are accessible throughout the United States and the world, and including residents of the Commonwealth of Virginia.

3

9.      Defendant is a Hong Kong based company that just begin operating in 2022. Accordingly, there is a high likelihood that it may transfer its profits outside of this jurisdiction and cease to operate rather than a pay a judgment for trademark infringement.  Therefore, there is good cause for a temporary asset freeze to preserve Plaintiff's available remedy of an accounting of Defendant's profits provided by 15 U.S.C. § 1117(a) which provides that "the plaintiff shall be entitled...subject to the principles of equity, to recover (1) defendant's profits..." *See U.S. v. Oncology Associates PC*, 198 F.3d 489, 496 (4th Cir. 1999) ("...a court may in the interim invoke equity to preserve the status quo pending judgment..."); *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 130 (2d Cir. 2014) (equitable accounting of profits in trademark infringement action).

10.     Because of the strong and unequivocal nature of Defendant's trademark infringements, a minimal bond amount such as the $1000 this Court required in *Volkswagen Grp. of Am., Inc. v. Unincorporated Ass'ns Identified in Schdule A*, No. 1:19-cv-01574-AJT-MSN, Doc. #21 (E.D. Va. Dec. 20, 2019) suffices for the security requirement of Fed. R. Civ. P. 65(c).

## TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

This Court, having considered the motion by Plaintiff for a Temporary Restraining Order and Preliminary Injunction including a temporary asset restraint pursuant to 15 U.S.C. §§ 1116 and 1125(c)(1), 28 U.S.C §1651(a) (The All Writs Act) and Fed. R. Civ. P. 65, and for good cause shown, it is hereby

(1)      ORDERED that Plaintiff's Motion for a Temporary Restraining Order is GRANTED.

(2)      ORDERED that pursuant to 15 U.S.C. § 1116(a), Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are RESTRAINED

a. from manufacturing, importing, advertising, promoting, offering to sell, selling, distributing, or transferring any products bearing the mark "NOORIO" including but not limited to as shown below:



that is confusingly similar to Plaintiff's Trademarks shown in Exhibits "1"-"2" of the Complaint (the "NOOIE Marks") other than those actually manufactured or distributed by the Plaintiff; and

b. from secreting, concealing, destroying, selling off, transferring, or otherwise disposing of: (i) any evidence relating to the manufacture, importation, sale, offer for sale, distribution, or transfer of any products bearing and/or using the mark "NOORIO"; or (ii ) any assets or other financial accounts subject to this Order, including inventory assets, in the actual or constructive possession of, or owned, controlled, or held by, or subject to access by, Defendant, including, but not limited to, any assets held by or on behalf of Defendant.

(3)    ORDERED that pursuant to 15 U.S.C. § 1116(a), Defendant, its officers, directors, employees, agents, subsidiaries, distributors, and all persons in active concert or participation with Defendant having notice of this Order are RESTRAINED from use of the NOORIO mark that is confusingly similar to Plaintiff's NOOIE marks in connection with all Internet based e-commerce stores owned and operated or controlled by Defendant including the Amazon and E-bay marketplaces.

(4)     ORDERED that pursuant to 15 U.S.C. § 1116(a), Defendant is restrained from transferring ownership of its e-commerce store identifications during the pendency of this action, or until further Order of the Court.

(5)     ORDERED that pursuant to 15 U.S.C. § 1116(a) and in order for Plaintiff to preserve its available equitable remedy of Defendant's profits provided by 15 U.S.C. § 1117(a), the Defendant and any third party financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms who are providing services for Defendant, including but not limited to, AliExpress, Alipay, Amazon, Amazon Pay, and Ebay and their related companies and affiliates (collectively, the "Third Party Providers"), shall upon receipt of notice of this Order promptly

> a.  Restrain the transfer of all funds, including funds relating to ongoing account activity, held or received for the Defendant's benefit or to be transferred into the Defendant's respective financial accounts, and restrain any other financial accounts tied thereto. No funds restrained by this Order shall be transferred or surrendered by any Third Party Provider for any purpose (other than pursuant to a chargeback made pursuant to their security interest in the funds) without the express authorization of this Court.

(6)     ORDERED that Plaintiffs shall post bond in the amount of $1000 to be paid into the Court registry pursuant to Fed. R. Civ. P. 65(c).

(7)     ORDERED pursuant to Fed. R. Civ. P. 65(b), that a hearing is scheduled for Thursday February 2, 2023 at 10:00 a.m. in Courtroom 700 of the Albert V. Bryan Courthouse, at which Defendant must show cause why the Temporary Restraining Order should not

become a preliminary injunction pending a final ruling on the Complaint against Defendant.

SO ORDERED THIS _23_ day of January 2023.

/s/

Leonie M. Brinkema
United States District Judge

7